UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| KUNAL KAPAI § | |
| *Plaintiff* § | |
| § | |
| v. § | CIVIL ACTION NO. 4:19-CV-00749-RWS |
| § | |
| UNIFIED BUSINESS TECHNOLOGIES, INC.; § | |
| ADDON SERVICES, LLC: MICHELLE D'SOUZA; § | |
| CANDACE PLANK; ALI SHAHEEN; § | |
| MARYLOU BOSCARDIN; DEVIKA PAKKALA; and § | |
| GEORGIA JOHNSON, § | |
| *Defendants* § | |

**PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO COMPEL ARBITRATION**

COMES NOW, KUNAL KAPAI ("Plaintiff") complaining of Defendants UNIFIED BUSINESS TECHNOLOGIES, INC. (UBT), ADDON SERVICES, LLC (ADDON), MICHELLE D'SOUZA, CANDACE PLANK, ALI SHAHEEN, MARYLOU BOSCARDIN, DEVIKA PAKKALA, and GEORGIA JOHNSON ("collectively Defendants"), and files this his *Plaintiff's Response to Defendants' Motion To Compel Arbitration* and would respectfully show the Court as follows

**I. BACKGROUND:**

Plaintiff has sued Defendant UBT for wrongful termination based on sex under Title VII, retaliation, and breach of contract. (Complaint at §§VI-VII and XII). Plaintiff contends that D'Souza, initiated a systematic campaign of retaliation against him and conducted a sham investigation in which she caused the other individual Defendants to make false charges of financial, sexual, and other misconduct against him that resulted in his termination. (Complaint, ¶¶5.40, 5.42, 6.04).

Plaintiff also sues the individual Defendants for state law claims based on defamation, tortious interference with contract, and conspiracy. (Complaint at §§ VIII, IX, and X). Finally, Plaintiff sues Defendant Addon Services under a theory of quantum meruit because Defendant D'Souza compelled Plaintiff, as a condition of his employment with UBT, to also separately work as an employee for Addon, a Section 8(a) Business Development company that D'Souza controlled, to obtain government

contracts for services that Addon then hired UBT to perform. (Complaint §XI). UBT lost its 8(a) certifications shortly before Plaintiff joined UBT and was no longer eligible under the U.S. government program to be awarded contracts. (Complaint, p. 6, ¶5.26) Plaintiff regularly objected to this dual employment and demanded of Addon Services to be paid for his separate work at Addon Services as its employee. (Complaint, p. 6, ¶5.36).

The arbitration agreement in Plaintiff's contract with UBT at issue here reads as follows:

**SECTION 16. ARBITRATION**

Any dispute, claim or controversy arising under this Agreement or in connection with your employment with the Company shall be submitted to binding arbitration before the American Arbitration Association in Southfield, Michigan and that a judgment of the Oakland County Circuit Court may be entered upon any award issued by the American Arbitration Association. ***You agree that you will be responsible for all costs associated with such arbitration, including reasonable attorney fees, if the Company prevails on its claims or defenses in any respect.***

Complaint, EXHIBIT 1, Agreement, §16 [emphasis added].

The Plaintiff attaches to this Response as EXHIBIT 1 a current fee schedule for employment disputes filed by an employee such as Plaintiff before the AMERICAN ARBITRATION ASSOCIATION. EXHIBIT 1, *AAA Administrative Fees for Employment/Workplace Cases*.[1] The initial AAA filing fee for the Plaintiff is $300. *Id.* p. 1. Plaintiff will incur additional thousands of dollars in additional expenses for travel to and lodging in Michigan for any final hearing for both himself, his witnesses, experts, and his attorney because the agreement requires the arbitration take place in Michigan rather than Texas where Plaintiff was employed. Complaint, EXHIBIT 1, §16. As a result, Plaintiff will incur at minimum in excess of $5,000 to $10,000 in costs and expenses, or more than 10 to 20 times the costs to Plaintiff to file and litigate his claim in federal court.

The AAA cost for the Company is $1,900 plus an additional case management fee of $750. *Id.* Additionally, the Company will incur additional expenses for (1) hearing room rental, (2) all expenses of the arbitrator, (3) any AAA expenses, (4) the costs relating to proof and witnesses produced at the

---

[1].     https://www.adr.org/sites/default/files/Employment_Fee_Schedule1Nov19_0.pdf

direction of the arbitrator, and (5) hourly compensation paid to the arbitrator. *Id.* The Company also will incur substantial attorney's fees to defend itself in this lawsuit that at minimum likely will total in excess of $150,000 to $200,000 in an employment discrimination and employment case such as this one.

Per the language of the parties' arbitration agreement, the Plaintiff will be liable for all of these Company expenses and the Company's attorney's fees incurred in arbitration; none of which Plaintiff would be obligated to pay to pursue his claims in district court in the event the Company prevails. This arbitration agreement, therefore, is unconscionable as a matter of law because of the fee-shifting provision contained in the agreement.

## II. DISCUSSION:

The parties agree that the arbitration agreement is subject to the FEDERAL ARBITRATION ACT ("FAA"), 9 U.S.C. §1 et seq. Under the FAA, "[a] written provision in any . . . contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. §2.

The United States Supreme Court has made clear that statutory rights, such as those created by Title VII, may be subject to mandatory arbitration, however, only if the arbitral forum permits the effective vindication of those rights. "So long as the prospective litigant effectively may vindicate [his or her] statutory cause of action in the arbitral forum, the statute will continue to serve both its remedial and deterrent function." *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 28 (1991). Consequently, enforcement of an arbitration agreement in an employment contract is not absolute.

The United States District Court for the Eastern District of Texas specifically has ruled that an arbitration agreement requiring that a plaintiff pay all the defendant's arbitration costs and attorney's fees if the defendant is the prevailing party renders the agreement unconscionable as a matter of law. See, *Lott v. Buccaneer Satellite,* Civ. Action No. 9:11–cv–173, Slip Op. at 7 (E.D. Tex. Aug. 10, 2012)

(holding the requirement that the losing party pays all of the arbitration and prevailing parties' fees is unconscionable);[2] see also *Coronado v. D.N.W. Houston, Inc.*, No. CIV.A. H–13–2179, 2015 WL 5781375, at *9 (S.D. Tex. Sept. 30, 2015).

Courts employ a two-step inquiry to determine whether a party is compelled to arbitrate: (1) whether the parties agreed to arbitrate the dispute and if so, (2) whether any federal statute or policy renders the claims non-arbitrable. *JP Morgan Chase & Co. v. Conegie ex rel Lee*, 492 F.3d 596, 598 (5th Cir. 2007). When analyzing step (1), there are two considerations: (a) whether there is a valid agreement to arbitrate between the parties, and (b) whether the dispute in question falls within the scope of that arbitration agreement. *Id*. When determining whether the dispute falls within the scope of the arbitration agreement, ambiguities are resolved in favor of arbitration. V*olt Info. Scis., Inc. v. Bd. of Trustees of Leland Stanford Jr. Univ.*, 489 U.S. 468, 475 (1989).

This federal policy favoring arbitration, however, does not apply to the determination of whether there is a valid agreement to arbitrate between the parties; rather, ordinary contract principles will determine what parties are bound. *Fleetwood Enters., Inc. v. Gaskamp*, 280 F.3d 1069, 1073 (5th Cir. 2002). Courts apply state law to decide contract validity. *First Options v. Kaplan*, 514 U.S. 938, 944 (1995).

"[A]s a matter of federal law, arbitration agreements and clauses are to be enforced unless they are invalid under principles of state law that govern all contracts." I*beria Credit Bureau, Inc. v. Cingular Wireless LLC*, 379 F.3d 159, 166 (5th Cir.2004). State-law contract defenses, including fraud, duress, unconscionability, or waiver, may invalidate arbitration agreements. See *Doctor's Assocs., Inc. v. Casarotto*, 517 U.S. 681, 687 (1996).

An arbitration clause is unenforceable when it imposes substantial costs on one of the parties to the agreement. See, e.g., *Green Tree Fin. Corp. v. Randolph,* 121 S.Ct. 513, 522 (2000). Specifically, the United States Supreme Court recognized that "the existence of large arbitration costs could preclude a

---

[2]. A copy of this opinion is attached to this Response as EXHIBIT 2.

litigant … from vindicating federal statutory rights." *Id*. A party seeking to invalidate an arbitration agreement on the ground that arbitration would be prohibitively expensive "bears the burden of showing the likelihood of incurring such costs." *Id*. at 92.

The Plaintiff here asserts a statutory claim under Title VII, which affords the employee the unilateral right to recovery fees and court costs in the event he prevails on his claim.[3] This fee shifting provision was intended to encourage employees to exercise their rights by allowing them to make a claim even if they lack the resources to access the courts.

Likewise, Congress intentionally did not make the fee-shifting component of the law bilateral. The Congress chose not to do so because it deters employees from exercising their rights due to fear of having to pay their employer's attorney's fees in the event they do not prevail. *Silva v. Miller*, 547 F. Supp. 2d 1299, 1304 (S.D. Fla. 2008) aff'd, 307 Fed. Appx. 349 (11th Cir. 2009) ("Congress encourages the filing of meritorious FLSA claims by providing for the recovery of reasonable attorney's fees.").

The arbitration clause in question turns this legal paradigm on its head. The agreement at issue in this case explicitly requires the Plaintiff to pay "  . . . ***all costs*** associated with such arbitration, including reasonable attorney fees, if the Company prevails on its claims or defenses in any respect." EXHIBIT 1, §16. This would include not just all attorneys' fees, but also all expert witness' fees and the arbitrator's fees in the event Plaintiff does not prevail on his claim. The agreement does not impose the same potential liability on Defendant to reimburse Plaintiff for all costs associated with such arbitration, including reasonable attorney fees, if the Plaintiff prevails on his claims in any respect.

This mere threat to Plaintiff that Plaintiff may be liable to pay Defendant's attorney's fee far in excess of $100,000 and AAA costs totaling tens of thousands of dollars to access arbitration at all imposes a unconscionable deterrence to Plaintiff seeking to exercise his legal rights where such fee-shifting is expressly not allowed by law. As such, the arbitration clause here is unconscionable and

---

[3]. The Plaintiff also asserts state law claims for defamation, tortious interference, conspiracy, and breach of contract. None of these claims permit the Defendants, including UBT, to recovery attorney's fees against Plaintiff.

unenforceable as a matter of law and Defendants' *Motion To Compel Arbitration* should be denied. *Lott* Civ. Action No. 9:11–cv–173, Slip Op. at 7.

### III. PRAYER:

FOR THE REASONS ABOVE, Plaintiff respectfully requests this Court deny the Defendants' *Motion to Compel Arbitration*. The Plaintiff further requests that the Court grant him all other relief both at law and in equity to which he may show himself justly entitled.

Dated: February 3, 2020.

                                                       RESPECTFULLY SUBMITTED,

                                                       /S/ TIMOTHY B. SOEFJE
**TIMOTHY B. SOEFJE**
STATE BAR NO.: 00791700
**SELTZER CHADWICK SOEFJE & LADIK, PLLC**
THE STAR IN FRISCO
5 COWBOYS WAY, SUITE 300
FRISCO, TEXAS 75034
TELEPHONE: (972) 922-8866
TELECOPIER: (972) 767-4246
EMAIL: TSOEFJE@REALCLEARCOUNSEL.COM
**ATTORNEYS FOR PLAINTIFF**